**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **Civil Action No. 15-152 (RMC)** |
| | ) |
| **TARKARA COOPER,** | ) |
| **TONY BRYANT,** | ) |
| **BRIAN BRYANT,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND OPINION

In this criminal case, the Government moved *in limine*, Dkts. 135 and 160, to

introduce certain evidence of bad acts of the Defendants either as intrinsic to the crimes charged

in the Superseding Indictment or, in the alternative, as extrinsic evidence admissible under

Federal Rule of Evidence 404(b).  Only Defendant Tony Bryant opposed these motions.  Opp'n

[Dkt. 143].  The Superseding Indictment charges the Defendants with conspiracy to commit theft

of government funds and to defraud the United States, in violation of 18 U.S.C. § 371.  Brian

Bryant was also charged with three counts of theft of public money, in violation of 18 U.S.C.

§ 641, and Tarkara Cooper and Tony Bryant were each charged with five such counts.

Additionally, Tony Bryant was charged with five counts of aggravated identity theft, in violation

of 18 U.S.C. § 1028(A), and Brian Bryant was charged with two such counts.  For the reasons

stated at the hearing on January 5, 2017, and discussed below, the Court rules as follows:

### 1.   Tony Bryant's Bankruptcy Proceeding

Defendant Tony Bryant filed for protection of the Bankruptcy Code,

11. U.S.C. §§ 101 *et seq* (2012).  As part of that process, he completed two petitions with

information provided under oath and he testified in a Section 341 hearing,

11 U.S.C. § 341 ("Meetings of Creditors and Equity Security Holders"), for the purpose of

advising his creditors of his assets and liabilities.  The Government argues that Mr. Bryant gave

false information in his petitions for bankruptcy protection and at the Section 341 hearing and

that these false statements were, at least in part, for the purpose of hiding the bank accounts of

his electrical business (which accounts were allegedly used in the conspiracy) and his income

from the charged conspiracy.  The Court cannot now evaluate the scope of the conspiracy or

whether Mr. Bryant's sworn statements in his bankruptcy proceeding were intrinsic to it.

However, such evidence is at least extrinsic evidence of "bad acts" that is

admissible under Federal Rule of Evidence 404(b).   Rule 404(b) provides that evidence of

"other crimes, wrongs, or acts" is admissible for any non-propensity purpose, including motive,

intent, plan, knowledge, and absence of mistake.  *See United States v. Bowie*, 232 F.3d 923, 930

(D.C. Cir. 2000).  The Government alleges that Mr. Bryant gave false information in the

bankruptcy proceedings as part of the motive, intent, or plan of the other charged crimes.

Turning to Federal Rule of Evidence 403,[1] the Court has considered whether the probative value

of such evidence is substantially outweighed by unfair prejudice, and concludes that it is not.

"Rule 403 'tilts, as do the rules as a whole, toward the admission of evidence in close cases,'

even when other crimes evidence is involved" and "'it is a sound rule that the balance should

generally be struck in favor of admission when the evidence indicates a close relationship to the

event charged.'"  *United States v. Cassell*, 292 F.3d 788, 795 (D.C. Cir. 2002) (quoting *United*

---

[1] Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

*States v. Moore*, 732 F. 983, 989 (D.C. Cir. 1984)); *see also United States v. Hassanshahi*, No. 13-0274, 2016 WL 3566189, at *5 (D.D.C. June 24, 2016).  Mr. Bryant is charged with defrauding the Internal Revenue Service; evidence of prior "bad acts" that were false statements for official purposes might show absence of mistake in the charged actions.

### 2.   Other Evidence

With the exception of the evidence relating to Defendant Tony Bryant's 2012 bankruptcy proceeding, evidence of the bad acts identified in the Government's motions is admissible because it is intrinsic to the crimes charged.  *See United States v. Badru*, 97 F.3d 1471, 1474 (D.C. Cir. 1996) ("Evidence of criminal activity other than the charged offense is *not considered extrinsic evidence* if it is an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, if it was inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime at trial.") (emphasis added).  Each of the identified "bad acts" constitutes an act in support or furtherance of the charged conspiracy or other specific crimes.  Proof remains to be found by a jury, but the connections are clear.

Accordingly, the Government's Motion and Supplemental Motion Pursuant to Fed. R. Evid. 404(b), Dkts. 135 and 160, are **GRANTED.** A memorializing order accompanies this memorandum.

Date: January 11, 2017

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge